**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 97-00099-CB |
| | | CIVIL ACTION NO. 02-0814 |
| GEORGE EDWARD HOWARD, | ) | |
| Defendant/Petitioner. | ) | |

## ORDER

This matter is before the Court on a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by counsel on behalf of George Edward Howard, a person in federal custody. (Doc. 1709.)  The government has filed a response asserting, *inter alia*, that the motion is barred by § 2255's one-year statute of limitations.  For the reasons set forth, the Court agrees that the motion is time barred.

**Background**

Petitioner was convicted after trial, was sentenced and appealed.  The Eleventh Circuit affirmed his conviction and sentence by judgment dated June 6, 2001, which was issued as mandate on August 14, 2001.[1]  The instant § 2255 motion was filed on November 5, 2002.

**Discussion**

Any motion pursuant to section 2255 must be filed within one year from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental

---

[1]As far as the Court can determine, no petition for writ of certiorari was filed in the Supreme Court.

action in violation of the Constitution or laws of the United States is removed, if the
movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court,
if that right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have
been discovered through the exercise of due diligence.

28 U.S.C. § 2255.   Since no other date for finality is suggested, the one-year limitations period must,

by default, run from the date conviction became final.  When a petitioner's conviction has been affirmed

on appeal and no petition for writ of certiorari was filed, the judgment of conviction becomes final when

the time for filing a petition for writ of certiorari expires.  *Clay v. United States*, 537 U.S. 522 (2003).

A petition for writ of certiorari must be field within 90 days after the court of appeals enters judgment.

S. Ct. R. 13.1.  Applying these principles in this case, petitioner's conviction become final on

September 4, 2001 (90 days after the June 6th judgment).  Petitioner's § 2255 motion was not filed

until November 5, 2002.  It is, therefore, barred by the one-year limitations period..[2]

**Conclusion**

For the reasons discussed above, it is **ORDERED, ADJUDGED** and **DECREED** that

petitioner's motion be and hereby is **DISMISSED** with prejudice.

**DONE** this the 23rd  day of May, 2005.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[2]The Court recognizes that the limitations period, in some circumstances, may be equitably
tolled but no grounds for equitable tolling have been asserted in this case. *See Sandvik v. United
States,* 177 F.3d 1269 (11th Cir. 1999).  Petitioner has not responded to the government's statute of
limitations defense.  Although the Court granted petitioner's counsel additional time to file a reply brief
(docs. 1742 & 1743), no reply brief was filed.